CATHARINE A. STUPNICKI et al., Respondents, v. SOUTHERN NEW YORK FISH & GAME ASSOCIATION, INC., Appellant.— Appeal from a judgment which permanently enjoined the appellant from using a strip of land, formerly a town road, as an additional means of ingress and egress to its property. From the record it appears that appellant attempted to establish a grant of easement by implication. The land in dispute had formerly been a town highway but legally abandoned in 1928. The road ran in a general north and south direction and the lands presently owned by the plaintiffs were formerly property of one Skiba and to the north the lands now owned by the appellant were formerly owned by Rockefeller. The road ran through both properties and when abandoned, after leaving open the north and south ends thereof to give access to the owners, the interior portion now in dispute was closed. From the date of abandonment in 1928 until appellant acquired title in 1958 apparently no attempt was made to use the interior portion of the former road. The plaintiffs claim that there is no proof to sustain the contention of the appellant. The proceedings at Trial Term were informal and the attorney for the appellant stated he was of the impression that certain exhibits — maps, deeds and others which were essential to establish its claim — he offered were received in evidence but which was not the fact. On the oral argument before this court the attorney requested that if the court found the evidence insufficient because of the failure to have these exhibits received that he be given an opportunity to properly offer them in evidence. There may be merit to the claim of the appellant but we are unable to make such determination from the present record. We feel that in the interest of justice there should be a new trial. (Gerbig v. Zumpano, 7 N Y 2d 327.) Judgment reversed upon the law and the facts and a new trial granted, with costs to abide the event. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.